█ Ruth Mandell et al., Respondents, v. Harriet W. Field et al., Appellants.— In an action to recover damages for personal injuries, the

defendants appeal from an order of the Supreme Court, Rockland County, dated June 1, 1960, which grants plaintiffs' motion for summary judgment striking out defendants' answer, pursuant to rule 113 of the Rules of Civil Practice, and which directs an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. According to plaintiffs' version of the accident, the automobile operated by the plaintiff Edward Mandell was stopped at an intersection controlled by a traffic control signal, in obedience to a red light prohibiting traffic in the direction in which he was proceeding; and said automobile had been so stopped for about 30 seconds when it was struck in the rear by the vehicle operated by the defendant Harriet Field. According to defendant Field's version of the accident, as set forth in her affidavit submitted in opposition to the motion, when her vehicle reached a point about two car lengths from the intersection, the light was green for traffic proceeding in her direction, and the automobile operated by plaintiff Edward Mandell, without warning, came to an abrupt stop directly in the path of her vehicle. It was also stated in opposition to the motion, that plaintiff Edward Mandell had testified in an examination before trial that when he was about 30 feet from the corner the light changed from green to yellow and was red when he reached the corner. Apparently the motion was granted because the learned Justice at Special Term was convinced by various inconsistent statements made by defendant Field, prior to the motion for summary judgment, that no real issue existed concerning her negligence or the lack of contributory negligence on the part of plaintiff Edward Mandell. The effect of the inconsistencies and all other questions of fact, including those of credibility, must be determined, however, by the trier of the facts, and may not be summarily decided on affidavits. On the proof submitted, it may not be said that plaintiffs' claim was established sufficiently to warrant the court, as a matter of law, in directing judgment in their favor. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.